UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOBO ROSALES CASTANEDA,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>    Defendant. | No. EDCV 13-638 AGR<br><br>ORDER OF DISMISSAL WITHOUT PREJUDICE |

    For the reasons set forth below, this action is dismissed without prejudice for failure to prosecute.

**I.**

**STATEMENT OF FACTS**

    On April 17, 2013, after being granted leave to file this action without prepayment of filing fee, plaintiff filed a complaint to review and set aside a decision by defendant to cease benefits.

    On November 20, 2103, this court granted counsel's motion to withdraw as counsel due to a breakdown in the attorney-client relationship. (Dkt. No. 16.) The order granted Plaintiff 30 days to obtain new counsel and required that any new counsel representing the Plaintiff file a Notice of Appearance on or before December 20, 2013.

If a Notice of Appearance was not filed, then the matter would proceed with Plaintiff representing himself.  (*Id.*)

This court's order dated November 20, 2013 provided that, if the Plaintiff represented himself, then paragraph VI of the Case Management Order filed April 18, 2013 will be deemed vacated and a different schedule substituted in its place.  Plaintiff was required to file and serve a motion for judgment on the pleadings on or before January 20, 2014.  The order expressly warned:  "If Plaintiff does not file and serve a motion for judgment on the pleadings on or before January 20, 2014, this action will be subject to dismissal without prejudice for failure to prosecute and failure to comply with a court order."  (*Id.*)

Plaintiff failed to file a motion for judgment on the pleadings or request an extension of time to do so.

## II.

## DISCUSSION

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the court).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *See In re*

*Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal.  Plaintiff has failed to file a motion for judgment on the pleadings or otherwise prosecute this action.  Plaintiff's conduct hinders the Court's ability to move this case toward disposition, and indicates that plaintiff does not intend to litigate this action diligently.

The third factor -- prejudice to defendants -- also weighs in favor of dismissal.  A rebuttable presumption of prejudice to defendants arises when there is a failure to prosecute diligently.  *Eisen*, 31 F.3d at 1452-53.  That presumption may be rebutted where a plaintiff proffers an excuse for delay.  Plaintiff has failed to come forward with any excuse or reason for delay.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal.  It is, however, a plaintiff's responsibility to move a case towards a disposition at a reasonable pace and to avoid dilatory tactics.  *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility.  In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to file a motion for judgment on the pleadings or otherwise prosecute this case.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal.  The Court attempted to avoid dismissal by notifying Plaintiff of his obligation to file and serve the defendant with a motion for judgment on the pleadings.  Moreover, the Court expressly warned plaintiff that if he failed to comply "this action will be subject to dismissal without prejudice for failure to prosecute."  Despite this warning, Plaintiff has failed to fulfill his obligations.

Taking all of the above factors into account, dismissal for failure to prosecute is appropriate.

## III.

## **ORDER**

For the reasons discussed above, it is ORDERED that judgment be entered dismissing this action without prejudice for failure to prosecute.

DATED: April 22, 2014

                                                                    *Alicia G. Rosenberg*
                                                                    ALICIA G. ROSENBERG
                                                                    United States Magistrate Judge